CLD-224                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1274
_____

RICHARD BARTLINSKI,
Appellant

v.

TOWNSHIP OF BRICK; OCEAN COUNTY PROSECUTORS OFFICE; OCEAN
COUNTY AFFORDABLE HOUSING
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3:19-cv-00677)
District Judge:  Honorable Brian R. Martinotti

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2019

Before:  CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed August 2, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Richard Bartlinski appeals from the District Court's order dismissing his complaint for lack of subject matter jurisdiction. For the reasons that follow, we will summarily affirm the District Court's judgment.

In January 2019, Bartlinski filed a complaint in the District Court. He completed a form complaint, but did not check any of the boxes identifying the basis for jurisdiction. Bartlinski also did not set forth his factual allegations, stating only that "some to start is in the letter." See Compl. at 3. By this, Bartlinski presumably meant a series of emails that he attached. These emails — spanning dozens of pages — advance rambling, vague allegations somehow involving a county child protection agency, a pending state court eviction action, repairs to his home, some kind of investigation by the Federal Bureau of Investigation, and unidentified threats from town officials, among other topics.

After granting Bartlinski's motion to proceed in forma pauperis, the District Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The District Court concluded that it lacked subject matter jurisdiction over the action and dismissed Bartlinski's complaint without prejudice on that basis, also citing Federal Rule of Civil Procedure 12(h)(3). Bartlinski timely appealed.[1]

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal of Bartlinski's complaint for lack of subject matter jurisdiction. See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 180 (3d Cir. 2008); U.S. SEC v. Infinity Grp. Co., 212 F.3d 180, 186 n.6 (3d Cir. 2000); see also NJ Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining

The District Court correctly determined that it lacked subject matter jurisdiction over Bartlinski's complaint. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). It is apparent from Bartlinski's largely incoherent complaint, as well as his subsequent filings in both the District Court and on appeal, that his allegations do not form a basis for federal question jurisdiction.[2] See 28 U.S.C. § 1331. There is also no basis for diversity jurisdiction, as all parties are citizens of New Jersey. See 28 U.S.C. § 1332. Accordingly, we will summarily affirm the District Court's judgment.

---

that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

[2] Bartlinski asserted in his notice of appeal that the basis for federal question jurisdiction in this case was the fact that he had recorded town meetings in Brick Township; he argued that his recordings demonstrate that someone in the township somehow lied to federal agents about an unidentified issue.